THOMPSON, Circuit Judge,
dissenting from the denial of rehearing en banc.
Bravo to Judges Torruella and Lipez for showing us just how wrong the decision not to hear this case en banc really is. Allow me to add my words of protest too.
Plaintiffs’ en-banc request turns on whether a district judge should’ve convened a three-judge court to decide a question of transcendent importance — do U.S. citizens/residents in Puerto Rico have a constitutional right to vote in certain federal elections? The problem here is that an earlier decision of this court — one that only an en-banc court can reverse — held that a three-judge court isn’t required to hear a claim like plaintiffs’. See Igartúa v. United States, 626 F.3d 592, 598 n.6 (1st Cir. 2010), en banc review denied, 654 F.3d 99 (1st Cir. 2011), cert. denied, — U.S. -, 132 S.Ct. 2376, 182 L.Ed.2d 1017 (2012). Given how significant the three-judge-court issue is — for reasons well discussed by Judges Torruella and Lipez— one might expect the prior panel to have offered a good deal of analysis and reasoning to support its conclusion. Alas, one would be mistaken. The prior panel said just this — in a footnote, no less:
We also reject the argument made by Igartúa, but not made by the government, that this case must be heard by a three-judge district court under 28 U.S.C. § 2284(a). That statute provides that a “district court of three judges shall be convened when ... an action is filed challenging the constitutionality of the apportionment of congressional districts.” Id. That is not the issue in this case.
Id. (ellipses in original). Yes, that’s all the footnote said — hardly a serious treatment of a complex issue, and a conclusion that’s very likely wrong to boot, as Igartúa v. Obama, 842 F.3d 149, 153-59 (1st Cir. 2016), persuasively explained.
For me, the matter comes down to these indisputable points: The applicability of the three-judge-court statute is legally intri *31 cate. See id. (showing in detail why that is so). The right to vote is perhaps the most precious enjoyed by America’s citizens. See generally Bonas v. Town of N. Smithfield, 265 F.3d 69, 74 (1st Cir. 2001) (noting “that the right to vote” is “the wellspring of all rights in a democracy”). And before depriving millions and millions of Americans of that right, we should at least take the time to explain our thinking in a binding en-banc opinion — something the above-quoted footnote unquestionably does not do.[9]
Ultimately, then, if this case does not “involve[ ] a question of exceptional importance,” see Fed. R. App. P. 35(a), I don’t know what does.

. Talcing plaintiffs' case en banc will give us the benefit of on-point briefing by the parties and interested amici on this oh-so-important issue, as Judge Lipez notes.